**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHAEL G. BALDWIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 07-1097-WEB |
| | ) |
| **CITY OF OSAWATOMIE, KANSAS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**REPORT AND RECOMMENDATION
TO DENY IFP STATUS**

This matter is before the court on plaintiff's motion to proceed in forma pauperis (Doc. 2 & 5).[1] For the reasons set forth below, the court recommends that plaintiff's motion be DENIED.

Proceeding in forma pauperis in a civil case is a privilege, not a right. White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998). Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means. 28 U.S.C. § 1915(a)(1). The decision whether to grant or deny in forma pauperis status under section 1915 lies within the sound discretion of the court. Cabrera v. Horgas, No. 98-4231, 1999

---

[1] Although styled as a motion, Doc. 5 supplements the information contained in plaintiff's original request (Doc. 2) to proceed in forma pauperis.

WL 24173, at *1. When considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds. <u>Buggs v. Riverside Hospital</u>, No. 97-1088, 1997 WL 321289 (D. Kan. April 9, 1997). An affidavit of financial status must be submitted with the application to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1).

The court has reviewed plaintiff's affidavit of financial resources and concludes that plaintiff does not qualify to proceed in forma pauperis. Specifically, plaintiff owns a house valued at $300,000 with approximately $150,000 in equity. Plaintiff and his spouse also own and drive "unencumbered" vehicles (a 2001 Ford Expedition and a 2001 Chevrolet pickup) having an estimated value of $7500. Equally important, plaintiff and his spouse are both employed by a corporation owned by plaintiff. Contrary to the court's prior order (Doc.4), plaintiff has not disclosed the value of the corporation.[2] Under the circumstances, plaintiff does not qualify to proceed in forma pauperis.

However, a magistrate judge does not have authority under 28 U.S.C. § 636 to deny a motion to proceed in forma pauperis. <u>See</u>, <u>Lister v. Dept. of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005)(the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge). Accordingly, the undersigned magistrate judge issues this

---

[2] Plaintiff is the president and owner of the corporation and salary payments are made at his discretion. Although plaintiff provided the first two pages of his 2006 individual tax return, the information is meaningless because the relevant schedules are not attached. Moreover, no corporate tax return is provided. Plaintiff has failed to justify his request to proceed in forma pauperis.

report and recommendation that plaintiff's motion to proceed in forma pauperis be denied.

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to proceed in forma pauperis **(Doc. 2 & 5)** be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties may serve and file written objections to the proposed findings and recommendations with the clerk of the district court within **ten (10) days** after being served with a copy of this recommendation and report. Failure to make a timely objection to this report and recommendation waives appellate review of both factual and legal issues.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th of May 2007.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge